# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ANTHONY ROBERSON,<br><br>   *Plaintiff*,<br><br>  v.<br><br>FEDERAL BUREAU OF<br>INVESTIGATION,<br><br>   *Defendant*. | Civil Action No. 1:20-cv-02431 (CJN) |

## <u>MEMORANDUM OPINION</u>

Anthony Roberson, a Texas state prisoner proceeding *pro se* and *in forma pauperis*, sued the Federal Bureau of Investigation under the Freedom of Information Act to compel the production of records related to his criminal prosecution. The FBI now seeks dismissal or in the alternative summary judgment, contending that Roberson has failed to exhaust his administrative remedies and that res judicata bars his FOIA claim. Because the FBI has not established that Roberson failed to exhaust his administrative remedies, and because the dismissal of Roberson's previous FOIA action does not have preclusive effect, the Court denies the FBI's motion.

### Background

In recent years, Roberson has submitted at least two FOIA requests for documents from the FBI. The first of those requests was the subject of the district court's opinion in *Roberson v. FBI*, No. 18-1593, 2019 WL 5892219 (D.D.C. Nov. 12, 2019). To briefly summarize, the FBI received Roberson's request at issue in that case on May 23, 2018. *Id.* at *2. The request consisted of 27 parts, which the FBI determined concerned "three distinct subjects": (1) "the genetic loci showing the number of loci required to prove identity"; (2) "records of a third party"; and (3)

"records pertaining to a laboratory file." *Id.* at *1 (quotations omitted).  Three business days after receiving the request, the FBI responded with two letters informing Roberson that responsive records about the first subject were available on the FBI's public website and citing exemptions to justify its nondisclosure of documents related to the second subject. *Id.*  And 19 business days after receiving the request, the FBI released 123 pages of responsive documents pertaining to the third subject. *Id.*  When Roberson sued to compel the production of additional records, the district court concluded that he had not exhausted his administrative remedies and therefore granted the FBI's motion to dismiss. *Id.* at *2–3.  By separate order, the district court dismissed the case without prejudice.  Order, *Roberson*, 2019 WL 5892219 (No. 18-1593), ECF No. 25.

Several months after the dismissal, Roberson submitted a second FOIA request by letter to the FBI.  The letter, dated June 15, 2020, was received by the FBI on July 2, 2020.[1]  Pl.'s Opp. ¶ 8, ECF No. 13; Pl.'s Ex. 1, ECF No. 13-1.  The FBI determined that this request sought the same records that were previously processed and released to Roberson following his first request.  Def.'s Ex. 1 ("Seidel Decl.") ¶ 5, ECF No. 11-1.  In a letter dated August 6, 2020, the FBI acknowledged receipt of Roberson's second request and informed him that the records were previously released, that another search located no additional records, that his request was being administratively closed, and that Roberson could appeal the FBI's determination to the Office of Information Policy. *Id.* ¶ 6; Pl.'s Ex. 3, ECF No. 13-1.  The Office of Information Policy later advised the FBI that it had no record of an administrative appeal regarding this second FOIA request.  Seidel Decl. ¶ 8.

---

[1] Although the FBI contended in its motion that it received the request "on or about June 15, 2020," Def.'s Mot. at 2, ECF No. 11, Roberson responded that the correct date of receipt was July 2, 2020, which the FBI did not dispute in its reply.  Pl.'s Opp. ¶ 10, ECF No. 13; *see* Def.'s Reply, ECF No. 16.

Roberson alleges here, in a complaint docketed on August 18, 2020, that the FBI violated FOIA by failing to produce responsive records.  Compl., ECF No. 1.  The FBI seeks dismissal or summary judgment, arguing that Roberson failed to exhaust his administrative remedies by filing the complaint without first pursuing an administrative appeal.  In addition, the FBI argues that the district court's previous dismissal in *Roberson v. FBI* precludes Roberson from bringing this action.

## Legal Standard

Because the parties have submitted materials outside the pleadings that bear on the issues presented, the Court analyzes the FBI's motion as a motion for summary judgment under Rule 56. *See* Fed. R. Civ. P. 12(d); *Thompson v. DEA*, 492 F.3d 428, 437–38 (D.C. Cir. 2007).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "In making that determination, a court must view the evidence in the light most favorable to the opposing party."  *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quotation omitted).

## Analysis

### I.   The FBI Has Not Shown that Roberson Failed to Exhaust Administrative Remedies.

The FBI first contends that Roberson failed to exhaust his administrative remedies because he did not administratively appeal the FBI's denial of his request for records.  Def.'s Mot. at 10, ECF No. 11.  FOIA requires exhaustion of the administrative appeal process before an individual may seek judicial review of an agency's denial of a request for documents.  *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 61–62 (D.C. Cir. 1990).  An individual who does not actually exhaust his administrative remedies may constructively exhaust them if the agency fails to respond to the request by the statutory deadline.  *Id.* at 62; *see* 5 U.S.C. § 552(a)(6)(C)(i).  The statute requires

agencies to "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request" and to "immediately notify the person making such request" of the determination.   5 U.S.C. § 552(a)(6)(A)(i). Constructive exhaustion generally occurs if the agency fails to answer the request within 20 business days, but "[i]f the agency responds to the request after the twenty-day statutory window, but before the requester files suit, the administrative exhaustion requirement still applies." *Jud. Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1310 (D.C. Cir. 2003).  The question here, then, is whether the FBI responded to Roberson's FOIA request before he filed this suit.

Generally, a pleading or other paper that is not filed electronically is filed when it is delivered to the clerk or to a judge who accepts it for filing.  Fed. R. Civ. P. 5(d)(2).  But under the "mailbox rule" for *pro se* prisoner pleadings, the filing date is when the prisoner "gave his motion to prison officials for delivery to the district court." *Anyanwutaku v. Moore*, 151 F.3d 1053, 1057 (D.C. Cir. 1998); *see Houston v. Lack*, 487 U.S. 266, 270–71 (1988).  Courts regularly apply this mailbox rule to determine the filing date of FOIA complaints.  *See, e.g.*, *Earle v. Holder*, 815 F. Supp. 2d 176, 179 n.3 (D.D.C. 2011) (accepting the date that a prisoner mailed his complaint from the prison as the filing date when measuring a statutory limitations period); *Hart v. DOJ*, 648 F. Supp. 2d 113, 115 n.3 (D.D.C. 2009) (concluding that a prisoner's opposition was filed when he gave it to prison staff for mailing); *see also* Order at 2, *Roberson*, 2019 WL 5892219 (No. 18-1593), ECF No. 30 (recognizing the correct filing date of Roberson's complaint in the previous FOIA action as June 1, 2018, not the date it was received by the court, under the mailbox rule).

Here, the parties agree that the FBI responded to Roberson's FOIA request on August 6, 2020, which was more than 20 business days after it received the FOIA request on July 2.  Def.'s Mot. at 2; Pl.'s Opp. ¶ 10.  The record supports (and the FBI does not dispute) that Roberson

submitted his complaint to prison officials for mailing on August 4, 2020, which the Court treats as the relevant filing date under the mailbox rule.  Pl.'s Exs. 4–5, ECF No. 13-1.  Because the FBI's August 6 response was neither within the 20-day statutory period nor before Roberson filed suit on August 4, the FBI has not shown that Roberson failed to constructively exhaust his administrative remedies.

## II.       Res Judicata Does Not Bar Roberson's Claim.

The FBI also argues that res judicata bars this action because Roberson "asserted the same FOIA challenge to the Office's actions" in his prior lawsuit and a final judgment was entered on the merits.  Def.'s Mot. at 12.  The doctrine of res judicata "bars successive lawsuits if a prior litigation (1) involving the same claims or causes of action, (2) between the same parties or their privies, (3) ended in a final, valid judgment on the merits, (4) entered by a court of competent jurisdiction." *Ashbourne v. Hansberry*, 894 F.3d 298, 302 (D.C. Cir. 2018).  The Court disagrees that res judicata applies here.

First, Roberson's lawsuits do not involve the same claims.  Lawsuits involve the same claims if they "share the same nucleus of facts." *Apotex, Inc. v. FDA*, 393 F.3d 210, 217 (D.C. Cir. 2004) (quotations omitted).  Courts consider "whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Id.* (quotations omitted).  Res judicata "does not bar parties from bringing claims based on material facts that were not in existence when they brought the original suit." *Id.* at 218.

Although the two complaints at issue here raise similar causes of action based on the FBI's responses to similar FOIA requests, the FOIA requests were submitted—and denied—separately and years apart from each other.  The lawsuits therefore challenge different agency determinations,

and the current lawsuit challenges a determination that had not yet been made at the time of the first lawsuit. *See Drake v. FAA*, 291 F.3d 59, 66 (D.C. Cir. 2002) (holding that res judicata did not bar a successive lawsuit against an agency's "*subsequent* determination" and noting that key events "had not even taken place at the time" when the plaintiff instigated the initial lawsuit). And as noted above, the circumstances surrounding the submission of the second FOIA request are materially different, such that Roberson has now constructively exhausted his administrative remedies. The Court concludes that the facts underlying the lawsuits are not "closely related in time, space, origin, and motivation" and would not have formed a convenient trial unit as required for res judicata to apply. *Apotex*, 393 F.3d at 217.

Second, even if the lawsuits did raise the same claim, the previous case was dismissed without prejudice and therefore "does not operate as an adjudication upon the merits" or "have a res judicata effect." *Cactus Canyon Quarries, Inc. v. Fed. Mine Safety & Health Rev. Comm'n*, 820 F.3d 12, 19 (D.C. Cir. 2016) (quotations omitted). A dismissal of a complaint for failure to exhaust administrative remedies does not preclude a plaintiff from bringing another suit after he has exhausted his administrative remedies. *See Murthy v. Vilsack*, 609 F.3d 460, 466 (D.C. Cir. 2010); *Bland v. Connally*, 293 F.2d 852, 855 (D.C. Cir. 1961). The previous dismissal therefore would not have barred Roberson from filing suit after exhausting his administrative remedies even as to his first FOIA request, and it likewise does not bar his suit here. *See Bowden v. United States*, 106 F.3d 433, 436–37, 441 (D.C. Cir. 1997) (concluding that a district court erred in dismissing a claim as barred by an earlier dismissal order based on failure to exhaust administrative remedies because "the earlier dismissal was without prejudice").

**Conclusion**

For these reasons, the Court denies the FBI's motion. An order will issue contemporaneously with this opinion.

DATE: October 10, 2022

CARL J. NICHOLS
United States District Judge